**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5213**

_____

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

        versus

JOSEPH LEVI PLUMBER,

                                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, District
Judge.  (CR-04-24)

_____

Submitted:  September 22, 2006      Decided:  October 4, 2006

_____

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Paul Alexander Weinman, Assistant United States
Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Joseph Levi Plumber pled guilty to transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312 (2000), and using an unauthorized access device to obtain over $1000 worth of things in violation of 18 U.S.C. § 1029(a)(2) (2000). On August 24, 2004, Plumber was sentenced to serve concurrent terms of thirty-one months' imprisonment.

Plumber appealed and alleged the district court violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), because the court imposed a sentence based on facts neither found by a jury beyond a reasonable doubt nor admitted by himself. This court found that the district court erred by applying the sentencing guidelines as mandatory.[1] As a result, this court affirmed the conviction, vacated the sentence, and remanded for resentencing under Booker. See United States v. Plumber, 138 F. App'x 519 (4th Cir. 2005).

At the resentencing hearing, the Government conceded the Presentence Report added the multi-count adjustment to the adjusted offense level in error. The court agreed with the Government's position and found the new total offense level to be fifteen. With a criminal history category of III, the court found the proper

---

[1]Plumber was sentenced before the Booker decision, and the district court correctly applied the law at the time.

guidelines imprisonment range to be twenty-seven to thirty-three months, and sentenced Plumber to thirty-one months' imprisonment.

On appeal, counsel filed an Anders[2] brief, in which he states that there are no meritorious issues for appeal, but that his client directed him to raise the issue of whether the sentence was unreasonable under Booker. Plumber was advised of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

The district court sentenced Plumber within the applicable advisory guideline range and well below the ten-year statutory maximum set forth in 18 U.S.C. §§ 1029(a)(2), (c)(1)(A)(I), and 18 U.S.C. § 2312. We cannot conclude that, under these circumstances, Plumber's sentence is unreasonable. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006); United States v. Green, 436 F.3d 449, 457 (4th Cir.) (finding that sentence imposed within properly calculated advisory guideline range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Plumber's conviction and sentence. This court requires that counsel inform Plumber, in writing, of the right to petition the Supreme Court of the United States for

_____

[2]Anders v. California, 386 U.S. 738 (1967).

further review.  If Plumber requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Plumber.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED